UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

ALAN CECCARELLI,

                Petitioner,              **DECISION AND ORDER**

    v.

                                   1:16-CR-00024 EAW

UNITED STATES OF AMERICA,       1:18-CV-00901 EAW

                Defendant.

———————————————————————

## I.    INTRODUCTION

*Pro se* petitioner Alan Ceccarelli ("Petitioner") has filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct the sentence imposed by the undersigned pursuant to a plea agreement entered into by Petitioner. (Dkt. 47).[1] Petitioner claims ineffective assistance of counsel, arguing that his counsel "failed to object to an improperly applied sentencing enhancement: specifically 'use of an authentication feature' in the plea agreement." (*Id*. at 4). As explained further in Petitioner's motion, he contends that U.S.S.G. § 2B1.1(b)(11)(A)(ii) was improperly applied to enhance his sentence. (*Id*. at 7). For the reasons set forth below, Petitioner's motion is denied.

## II.    BACKGROUND

On March 3, 2016, Petitioner was charged by way of a 41-count Indictment with wire fraud in violation of 18 U.S.C. § 1343 (counts 1 through 21 and 29 through 37), conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (counts 22 and 38),

---

[1]    All references to the docket in the instant Decision and Order are to the docket in Criminal Action No. 1:16-CR-00024 EAW.

- 1 -

aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (counts 23 through 28 and 39), distribution of Alprazolam in violation of 21 U.S.C. § 841(a)(1) and (b)(2) (count 40), and distribution of Buprenorphine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(E)(i) (count 41). (Dkt. 1). On November 9, 2016, Petitioner pleaded guilty pursuant to a plea agreement to counts 22 (conspiracy to commit wire fraud) and 27 (aggravated identity theft) of the Indictment. (Dkt. 18; Dkt. 40). The plea agreement contains a provision whereby Petitioner waived the right to appeal or collaterally attack any component of a sentence that was within or less than the sentencing range set forth therein—namely, a term of imprisonment of 87 to 102 months, a fine of $25,000 to $250,000, and a term of supervised release of one to three years. (Dkt. 40 at 7, 11). During his plea hearing, the Court went over these provisions with Petitioner and confirmed his understanding of them (Dkt. 51 at 14-15), and then questioned Petitioner as follows:

> THE COURT:  So just so the record is clear, what that means is if I sentence you to prison or to a term of prison within 87 to 102 months or something less than that, a fine of $25,000 up to $250,000, or something less than that, and a supervised release term of one to three years or something less than that, you're waiving any right to appeal or collaterally attack that sentence. Do you understand that?
>
> THE DEFENDANT: I understand that.
>
> THE COURT: Do you have any questions for me or [defense counsel] up to this point?
>
> THE DEFENDANT: No, I do not.

(*Id*. at 15).

Petitioner was sentenced to an aggregate total of 78 months imprisonment and three years of supervised release. (Dkt. 39; Dkt. 41). Petitioner filed a notice of appeal (Dkt. 42), but thereafter withdrew his appeal (Dkt. 46).

Petitioner filed the instant motion pursuant to § 2255 on August 13, 2018. (Dkt. 47; Dkt. 48). The government responded on November 5, 2018 (Dkt. 54), and Petitioner filed his reply on November 26, 2018. (Dkt. 55). On November 29, 2018, Petitioner filed an amended version of his reply. (Dkt. 57).

### III. DISCUSSION

#### A. Legal Standard

A prisoner in federal custody may challenge the validity of his sentence by filing a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2255(a). "Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) (citing 28 U.S.C. § 2255)).

In reviewing a *pro se* petition for habeas corpus, the Court must be mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted); *see also Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983) ("[D]ue to the

*pro se* petitioner's general lack of expertise, courts should review habeas petitions with a lenient eye. . . .").

### B. Merits of Petitioner's Claim

As noted above, Petitioner waived the right to appeal or collaterally attack his sentence in this case. "A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016). There are a limited set of circumstances under which a court can set aside a collateral attack wavier, "such as (1) when the waiver was not made knowingly, voluntarily, and competently, (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any rationale for the [petitioner's] sentence, thus amounting to an abdication of the judicial responsibility subject to mandamus." *Id.* Additionally, such a waiver is unenforceable if it "was the result of ineffective assistance of counsel[.]" *United States v. Monzon*, 359 F.3d 110, 119 (2d Cir. 2004).

Here, reading his submissions liberally in light of his *pro se* status, Petitioner contends that his plea agreement was the result of ineffective assistance of counsel. Specifically, Petitioner contends that the "advice he received from counsel was not within acceptable standards" and that his plea was accordingly not knowing and voluntary. (Dkt. 47 at 7). The Court is not persuaded by this argument.

"The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding." *Lafler v. Cooper*, 566 U.S. 156, 165 (2012). "Pursuant to the well-

known two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984), a habeas petitioner alleging ineffective assistance of counsel 'must demonstrate (1) that his counsel's performance fell below what could be expected of a reasonably competent practitioner; and (2) that he was prejudiced by that substandard performance.'" *Woodard v. Chappius*, 631 F. App'x 65, 66 (2d Cir. 2016) (quoting *Pearson v. Callahan*, 555 U.S. 223, 241 (2009)).

"Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea and make granting withdrawal appropriate, to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005). "To satisfy the second prong of Strickland in the context of plea negotiations, the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." *United States v. Keith*, 765 F. App'x 526, 529 (2d Cir. 2019).

Here, Petitioner argues that counsel incorrectly failed to object to the inclusion in the plea agreement of the sentencing enhancement found at U.S.S.G. § 2B1.1(b)(11)(A)(ii). This sentencing enhancement results in a two-level increase in the offense level where the offense involved the possession or use of an authentication feature.

The plea agreement did indicate that it was the understanding of Petitioner and the government that the two-level increase pursuant to U.S.S.G. § 2B1.1(b)(11)(A)(ii) applied in this case. However, the Court explained to Petitioner at his plea hearing that the Guidelines calculations set forth in the plea agreement were not binding on the Court, that the Court would perform its own calculations at the time of sentencing, and that the Court

might not agree with the parties' calculations. (Dkt. 51 at 10). This is precisely what happened—the Court ultimately did not apply the two-level sentencing enhancement pursuant to U.S.S.G. § 2B1.1(b)(11)(A)(ii). (Dkt. 53 at 23). Instead, the Court found that a two-level increase was applicable pursuant to U.S.S.G. § 2B1.1(b)(11)(C)(i) because "there was an unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification[.]" (*Id.*). The Court then imposed a below-Guidelines sentence. (*Id.* at 27).

The Second Circuit has squarely held that a criminal defendant cannot avoid a waiver in a plea agreement by "dress[ing] up his claim as a violation of the Sixth Amendment" when he "in reality is challenging the correctness of his sentence under the Sentencing Guidelines[.]" *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (rejecting argument that plea waiver could be avoided where counsel failed to object to application of particular sentencing enhancements at the time of sentencing). Accordingly, Petitioner's argument, raised in his reply, that counsel should have objected to the Court's application of the U.S.S.G. § 2B1.1(b)(11)(C)(i) sentencing enhancement cannot survive the collateral attack waiver, nor can any other aspect of Petitioner's motion based on counsel's conduct with respect to sentencing.

To the extent Petitioner is criticizing counsel's failure to ensure during plea negotiations that the U.S.S.G. § 2B1.1(b)(11)(A)(ii) sentencing enhancement was not included, "factual stipulations [in a plea agreement] are bargaining chips in the hands of defendants. Indeed, virtually every provision of a plea agreement—agreements not to argue for a downward or upward departure, to drop charges, to concede the defendant's

role in the offense—is a bargaining chip in the hands of either the government or the defendant." *United States v. Granik*, 386 F.3d 404, 412 (2d Cir. 2004). "Because courts may not use hindsight to second-guess counsel's strategy choices, courts have rejected ineffective assistance claims premised on an attorney's failure to object to sentencing enhancements, as counsel's decision not to object to the enhancements may have been a strategic decision employed to secure the plea agreement." *Baghoumian v. United States*, No. 10 CR. 895-5 (PGG), 2019 WL 2209205, at *10 (S.D.N.Y. May 22, 2019) (quotations omitted); *see also Caraballo v. United States*, No. 10-CR-392-6 (CS), 2021 WL 1062036, at *4 n.6 (S.D.N.Y. Mar. 19, 2021) ("[C]ounsel was not ineffective for agreeing to a two-level leadership enhancement as part of a compromise with the Government. The plea agreement negotiated by counsel avoided the risk of a greater enhancement and garnered other substantial benefits for Petitioner, including the reduction of the mandatory minimum applicable to Count 29 from ten years to five. Such strategic decisions cannot be second-guessed via § 2255."). In other words, even accepting Petitioner's contention that the U.S.S.G. § 2B1.1(b)(11)(A)(ii) sentencing enhancement should not have been included in the plea agreement, counsel's strategic decision not to object to this one enhancement as part of plea negotiations does not amount to ineffective assistance.

Further, there was no prejudice to Petitioner. As explained above, the contested sentencing enhancement was not ultimately applied, and the Court in any event imposed a below-Guidelines sentence. Petitioner's conclusory contention that he would not have pled guilty if he had been advised by counsel that the U.S.S.G. § 2B1.1(b)(11)(A)(ii) enhancement had been incorrectly included in the Guidelines calculations set forth in the

plea agreement is unsupported by the record.[2]  Petitioner was well-aware at the time he pled guilty that the Guidelines calculations in the plea agreement were preliminary and subject to change at the time of sentencing.  Petitioner's "self-serving, post-conviction testimony" is insufficient to sustain an ineffective assistance of counsel claim.  *United States v. Gordon*, 156 F.3d 376, 380-81 (2d Cir. 1998).

The Court notes that in his reply, filed in November of 2018, Petitioner for the first time asserts that there was a "pre-indictment plea [offer]" in this matter that counsel informed him of but failed to "present" to him. (Dkt. 57 at 2).  Petitioner made no mention of this purported pre-indictment plea offer in his initial motion papers and has provided no details whatsoever about what the offer purportedly was or what counsel allegedly said about it.  In any event, this claim must fail because Petitioner does not present any evidence or even assert that he would have accepted this alleged plea offer.  *See Pham v. United*

---

[2]     As Petitioner points out, counsel did state at the time of sentencing that when counsel first met Petitioner, Petitioner "wanted to take the case to trial." (Dkt. 53 at 12). However, Petitioner's desire to go to trial at the outset of his case is not evidence that Petitioner's decision to enter into the plea agreement many months later turned on counsel's advice regarding the U.S.S.G. § 2B1.1(b)(11)(A)(ii) sentencing enhancement.

Although Petitioner does not point this out in his motion papers, the Court does further note that counsel stated at the time of sentencing that he would not have advised his client to enter into the plea agreement had he known that "probation's [Guideline's] calculations would be vastly different" from those contained in the plea agreement. (*Id*. at 11).  However, this was a reference to the probation office's recommendation that the Court apply U.S.S.G. § 3B1.1(a), resulting in a four-level upward adjustment. (*See* Dkt. 26 at 2-3).  Further, counsel explained that he had negotiated an agreement that Petitioner be allowed to argue for a below-Guidelines sentence—an "unusual" concession from the government—and that this provision of the plea agreement was a key reason that he advised Petitioner to take the plea.  This discussion thus also does not support Petitioner's current position.

*States*, 317 F.3d 178, 182 (2d Cir. 2003) (to succeed on second *Strickland* prong on claim that counsel failed to present plea offer, a defendant must offer some "objective evidence" that he would have accepted that offer). To the contrary, Petitioner has endorsed counsel's statement at sentencing that at the outset of the case, Petitioner wanted to go to trial. (*See* Dkt. 57 at 2 (citing Dkt. 53 at 12)).

For all these reasons, the Court finds that Petitioner has not demonstrated ineffective assistance of counsel, nor has he demonstrated that the plea agreement (including the collateral attack waiver) was not entered into knowingly, voluntarily, and competently. Accordingly, there is no basis for the Court not to enforce the collateral attack waiver. *See Monzon*, 359 F.3d at 119. The Court accordingly finds Petitioner's § 2255 motion is barred in its entirety by the collateral attack waiver and must be dismissed.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court denies Petitioner's § 2255 motion. (Dkt. 47). The Clerk of Court is directed to close Civil Action No. 18-cv-901.

The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     November 29, 2021
           Rochester, New York